IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ST REDEVELOPMENT GROUP,
INC.,

        Plaintiff,

v.                                                   1:15-cv-4321-WSD

MELANIE SHAH HENRY,

        Defendant.

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge J. Clay Fuller's Final Report and Recommendation ("R&R") [3], which recommends remanding this dispossessory action to the Magistrate Court of DeKalb County, Georgia.

**I.    BACKGROUND**

On November 24, 2015, Plaintiff ST Redevelopment Group, Inc. ("Plaintiff") initiated a dispossessory proceeding against its tenant, Defendant Melanie Shah Henry ("Defendant") in the Magistrate Court of DeKalb County, Georgia.[1]  The Complaint seeks possession of premises currently occupied by Defendant and seeks past due rent, fees and costs.

---

[1] No. 15D065472.

On December 14, 2015, Defendant, proceeding *pro se*, removed the DeKalb County action to this Court by filing her Notice of Removal and an application to proceed *in forma pauperis* ("IFP") [1].  Defendant asserts that there is federal subject matter jurisdiction because there is in the case a question of federal law.  In her Notice of Removal, Defendant claims that the "[p]leadings intentionally fails [sic] to allege compliance with the Civil Rights Act of 1968," that she "has multiple habitability issues," and that "Plaintiffs [sic] actions are prejudicial in nature based on how the Defendant is treated compared to the other tenants." (Notice of Removal ¶ 6).

On December 18, 2015, Magistrate Judge Fuller granted Defendant's application to proceed IFP.  The Magistrate Judge then considered, *sua sponte*, whether there is federal subject matter jurisdiction.  The Court found that federal subject matter jurisdiction was not present and recommended that the Court remand the case to the Magistrate Court of DeKalb County.  The Magistrate Judge found that the Complaint filed in Magistrate Court asserts a state court dispossessory action and does not allege federal law claims.  Because a federal law defense or counterclaim does not confer federal jurisdiction, the Magistrate Judge concluded that the Court does not have federal question jurisdiction over this matter.  The Magistrate Judge did not consider whether subject-matter jurisdiction

could be based on diversity of citizenship because Defendant, in her Notice of Removal, appeared to base subject-matter jurisdiction only on federal question.

There are no objections to the R&R.

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

### B. Analysis

Defendant does not object to the R&R's finding that Plaintiff's Complaint does not present a federal question.  The Court does not find any plain error in this conclusion.  It is well-settled that federal-question jurisdiction exists only when a

federal question is presented on the face of a plaintiff's well-pleaded complaint and that the assertions of defenses or counterclaims based on federal law cannot confer federal question jurisdiction over a cause of action.  See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002).

Although not alleged in her Notice of Removal, the Court concludes that diversity jurisdiction is not present in this action because Defendant fails to allege any facts to show that the parties' citizenship is completely diverse, or that the amount in controversy exceeds the statutory threshold of $75,000.  See 28 U.S.C. § 1332(a).  Even if there is complete diversity between the parties, the amount-in-controversy requirement cannot be satisfied because this is a dispossessory action.  The Court must look only to Plaintiff's claim to determine if the amount-in-controversy requirement is satisfied.  See, e.g., Novastar Mortg. Inc. v. Bennett, 173 F. Supp. 2d 1358, 1361 (N.D. Ga. 2001), aff'd, 35 F. App'x 585 (11th Cir. 2002).  The Complaint here seeks possession of property Defendant currently possesses.  The amount-in-controversy requirement is not satisfied and removal is not proper based on diversity of citizenship.  See Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-cv-2864-RWS, 1:07-cv-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 29, 2008) ("[A] dispossessory proceeding

under Georgia law is not an ownership dispute, but rather only a dispute over the limited right to possession, title to property is not at issue and, accordingly, the removing Defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement.").

Because the Court lacks both federal question and diversity jurisdiction, this action is required to be remanded to the state court.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").[2]

---

[2]  The Court notes that, to the extent Defendant claims that "Pleadings intentionally fails [sic] to allege compliance with the Civil Rights Act of 1968" and "Defendant has multiple habitability issues," subject matter jurisdiction over this action also cannot be based on 28 U.S.C. § 1443 because Defendant fails to allege any facts to support that she has been denied by, or cannot enforce in, the state court her rights under the Civil Rights Act of 1968.  See, e.g., 28 U.S.C. § 1443 (providing exception to the well-pleaded complaint rule for removal of an action that is "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States"); Georgia v. Rachel, 384 U.S. 780, 788 (1966) (Section 1443 requires defendant to show "both that the right upon which they rely is a 'right under any law providing for . . . equal civil rights,' and that they are 'denied or cannot enforce' that right in the courts of Georgia."); cf. Rogers v. Rucker, 835 F. Supp. 1410 (N.D. Ga. 1993) (remanding dispossessory action where tenant asserted counterclaim for violation of Fair Housing Act, but failed to allege facts to support that landlord's motive in bringing action was to deter tenant from engaging in protected activity or that Georgia law denies tenant ability to enforce her rights under the Fair Housing Act; tenant asserted only discriminatory treatment in service and maintenance of her apartment).  This action is required to be remanded for this additional reason.

## III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate J. Clay Fuller's Final Report and Recommendation [3] is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action be **REMANDED** to the Magistrate Court of DeKalb County, Georgia.

**SO ORDERED** this 5th day of April, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE